**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR LEE COUNTY, FLORIDA**
**CIVIL DIVISION**

JENNIFER FRUENDT,

Plaintiff, Case No.:
Div.:

v.

COSTCO WHOLESALE CORPORATION
d/b/a COSTCO WHOLESALE #621,

Defendant.
______________________________________/

# COMPLAINT

COMES NOW, Plaintiff, JENNIFER FRUENDT (hereinafter "FRUENDT"), by and through the undersigned counsel, and hereby sues Defendant, COSTCO WHOLESALE CORPORATION d/b/a COSTCO WHOLESALE #621, (hereinafter "COSTCO") and alleges the following:

1. This is an action for damages that exceed Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

2. Plaintiff, FRUENDT, at all times relevant hereto was a resident of Lee County, Florida.

3. At all times material hereto, Defendant, COSTCO, was a Foreign Profit Corporation, authorized to do business in Lee County, Florida.

4. At all times material hereto Defendant, COSTCO, owned, managed, operated, maintained, supervised and/or controlled certain premises known located at 10088 Gulf Center Drive, Fort Myers, FL 33913.

5. All conditions precedent to filing this lawsuit have been satisfied.

6. Venue is proper in Lee County, Florida, as the subject incident occurred in Lee County, Florida.

**COUNT I**

Plaintiff adopts and reincorporate the allegations of paragraphs 1 through 6 and further allege:

7. On or about May 12, 2025, Plaintiff, FRUENDT, was a business invitee of Defendant, COSTCO, at said premises set forth in paragraph 4.

8. At said time, while on the premises on May 12, 2025, Defendant, COSTCO, had a employee unsafely maneuvered a hand-truck carrying boxes and a box fell and struck Plaintiff, which created a dangerous condition and was a hazard to the Plaintiff.

9. Defendant knew or, in the exercise of reasonable care, should have known that the manner in which boxes were being transported through the store created an unreasonably dangerous condition

10. At all times material hereto Defendant, COSTCO, owed a duty to the public, including the Plaintiff, FRUENDT, to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for the use of the public and foreseeable business invitees. In particular Defendant, COSTCO, had a duty to take such precautions as were reasonably necessary to protect its invitees, including the Plaintiff, FRUENDT, from having boxes being transported through the store fall on them.

11. Defendant knew, or in the exercise of reasonable care should have known, that the manner in which the boxes were being transported was a hazard.

12. At all times material hereto, Defendant, COSTCO, owed a duty to the public, including the Plaintiff, FRUENDT, to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for the use of the public and foreseeable business invitees. In particular, Defendant COSTCO, had a duty to take such precautions as were reasonably necessary to protect its invitees, including Plaintiff, FRUENDT, from a safety hazard as a result of boxes being unsafely transported on a cart which caused the area to become unreasonably dangerous.

13. Defendant, COSTCO, through its agents, employees, staff and/or representatives who were acting in the course and scope of their employment and/or agency with the Defendant, breached its duty of care to Plaintiff, FRUENDT, and was negligent in one or more of the following ways:

a. negligently allowing boxes to unsafely be transported through the store making it unreasonably dangerous for business invitees in the area;

b. failing to adequately warn of the risks of falling boxes;

c. failing to adequately train, supervise, advise, and/or control its employees regarding invitee safety and the need to inspect the premises to prevent creating a dangerous condition when transporting boxes;

d. additional acts of negligence not yet discovered.

14. As a direct and proximate result of the negligence and careless acts and omissions on the part of Defendant, COSTCO, as described above, Plaintiff, FRUENDT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff, FRUENDT, will suffer these losses in the future.

WHEREFORE, Plaintiff, FRUENDT, sues Defendant COSTCO, and claims damages in excess of Fifty Thousand Dollars ($50,000.00), plus interest and cost, and respectfully demands a trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

This is an action for damages in excess of $50,000, exclusive of attorneys' fees, interest and costs, and plaintiff(s) hereby demand a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by plaintiff (s) is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 21, Florida Constitution.

## CLAIM FOR COSTS: RECOVERY BY PLAINTIFF'S

If Plaintiff, FRUENDT, recovers judgment, Plaintiff will be entitled to taxation of costs and charges pursuant to § 57.041, Florida Statutes.

**CLAIM FOR ATTORNEY'S FEES AND COSTS:**
**OFFER OF JUDGMENT/PROPOSAL FOR SETTLEMENT**

If an offer of Judgment and/or Proposal for Settlement is served by Plaintiff, FRUENDT, Plaintiff will be entitled to recover reasonable costs and attorney's fees incurred by Plaintiff from the date of such Offer of Proposal pursuant to §768.79, Florida Statute and Rule 1.442, Florida Rules of Civil Procedure.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to Defendants via service of process.

Respectfully submitted,

***/s/ Craig Isaac Astrin***

Craig Isaac Astrin
FL Bar No.: 111891
Ryan T. Hughes, Esquire
FL Bar No.: 102670
HUGHES LAW
101 E. Kennedy Blvd., Ste 3920
Tampa, Florida 33602
Telephone No.: 727-266-0022
Facsimile No.: 813-699-3499
Pleadings@ryanhugheslaw.com
Ryan@ryanhughslaw.com
Craig@ryanhugheslaw.com
Pleadings@ryanhugheslaw.com
*Attorneys for Plaintiff*